## COMMISSIONERS OF HIGHWAYS
## v.
## JAMES L. QUINN ET AL.

*Highways—Vacation of—Right of Appeal from Decision of Commissioners.*

Where commissioners of highways had vacated a portion of a certain road, and appellee filed a petition with a justice stating that he was the owner of land abutting on the road in question, at a point near to and south of the proposed change, and was a person interested in the decision of the commissioner, *held:* That the interest of the petitioner as stated was such as to entitle him to an appeal to three supervisors under the statute.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Mr. THOMAS F. TIPTON, for appellant.

Messrs. STEVENSON & EWING, for appellees.

CONGER, P. J.    January 24, 1890, one T. H. King presented to the commissioners of highways of Bloomington township a petition, praying to have a portion of the old Springfield road, which ran across his land, vacated, and a new road laid out, which would pass around his land. The commissioners, after taking the necessary preliminary steps, granted the petition. Appellee Quinn presented his petition to a justice of the peace of the township, stating, among many other things, that "he was an owner of land abutting on said Springfield road, at a point near to and south of said place of proposed change, and was a person interested in the decision of said commissioners," and therefore prayed an appeal under the statute to three supervisors. The three supervisors did meet in pursuance of the provisions of the statute, and reversed and annulled the decision of the highway commissioners.

The present suit is based upon a petition for a writ of *certiorari* to review these proceedings, and upon the hearing in the Circuit Court of McLean County, the petition was dismissed and the writ quashed. The only question raised and presented is, did Quinn have the right of appeal from the decision of the highway commissioners to the three supervisors.

The statute says that "any person or persons interested in the decision of the commissioners of highways * * * may appeal from such decision to three supervisors of the county," etc.

The interest of Quinn as shown by his petition was, that he was an owner of land abutting on said Springfield road, at a point near to and south of said place of proposed change, and the majority of court are of opinion that this statement of his interest brings him within the doctrine announced in Whitmer v. Com. of Highways, 96 Ill. 289, and entitled him to an appeal.

The judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*